UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAUN HACKETT, | Case No.  25-cv-03297-RFL |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| SKYNET INDUSTRIES, INC., | Re: Dkt. No. 33 |
| Defendant. | |

     The following recitation of facts is based on the allegations contained in the first amended complaint.  (*See* Dkt. No. 28 (the "FAC").)  Over a five-year period, Deshaun Hackett purchased various kratom-based products at Skynet's San Francisco store.  Kratom is a dried leaf containing opioid-like ingredients and is highly addictive.  After spending thousands of dollars on the products, Hackett decided to cut back and suffered severe withdrawal symptoms, including vomiting, headaches, vision impairment, and stomach issues.  Only then did he discover that he was addicted to kratom.  But at no point before any of his purchases did Skynet disclose the addictive nature of kratom and its products, and while the scientific community knows of kratom's addictiveness, the public at large does not.  Hackett accordingly commenced this putative nationwide class action to recover for Skynet's alleged failure to disclose this critical information.  Skynet now moves to dismiss.  (*See* Dkt. No. 33-1 (the "Motion").)[1]  For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

**Dismissed Claims Based on Hackett's Concessions.**  Hackett concedes that:  (1) his claims are based on alleged omissions and not on any affirmative misrepresentations; (2) his implied warranty claim should be dismissed; and (3) his claim under Section 1770(a)(9) of the CLRA should be dismissed.  (*See* Dkt. No. 34 at 7 n.2, 13 & n.6, 20.)  Accordingly, the Court will dismiss the implied warranty and Section 1770(a)(9) claims and will evaluate Hackett's claims based on a fraudulent omission theory rather than an affirmative misrepresentation theory.

**Subject Matter Jurisdiction.**  Hackett seeks to represent a putative nationwide class of purchasers of Skynet's products.  Under the Class Action Fairness Act ("CAFA"), a district court may exercise subject-matter jurisdiction over a class action "where:  (1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest."  *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citations omitted).  Skynet argues that Hackett's allegations do not satisfy the citizenship and amount in controversy requirements.

As for the citizenship of putative class members, Hackett alleges that Skynet has stores in California, Idaho, and Nevada.  (*See* FAC ¶ 7.)  That is sufficient to support a plausible inference that at least one purchaser within the putative class is a citizen of either Idaho or Nevada and is thus diverse from Skynet, which is a citizen of California.  *See, e.g.*, *De Ciel v. Porter*, No. 25-cv-03351-JSC, 2025 WL 2483160, at *2 (N.D. Cal. Aug. 28, 2025) (diversity jurisdiction sufficiently alleged where court could infer parties' citizenship based on allegations).

As for the aggregate amount in controversy, "[w]hen a plaintiff originally files in federal court, . . . the amount in controversy is determined from the face of the[ir] pleadings."  *See Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1176 (9th Cir. 2025) (citation and quotation marks omitted).  The Court must accept those allegations so long as they are made in good faith.  *See id.*  And "the sum claimed by the plaintiff controls . . . [unless] [i]t . . . appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.* (citation omitted).  Here, Hackett expressly alleges that the aggregate amount in controversy exceeds $5

million, and there are no indications that this allegation is made in bad faith. (*See* FAC ¶ 9.) Skynet argues that the aggregate amount in controversy cannot exceed the jurisdictional threshold because, assuming a class size of 100 persons (the minimum required under CAFA) rather than in the "thousands" as alleged (*see id.* ¶ 103), each putative class member "would need over $50,000 in damages to surpass the $5 million threshold," and that per-member damages figure seems likely to be higher than what Hackett's allegations support. (*See* Motion at 8 (emphasis omitted).) But Skynet identifies no basis to conclude to a legal certainty that the class size is (or is close to) 100 persons. Absent such a basis, its "hypothetical figures and extrapolate[d] calculations based upon them" do not satisfy the legal certainty standard. *See Robichaud v. Speedy PC Software*, No. 12-cv-04730-LB, 2013 WL 818503, at *7 (N.D. Cal. Mar. 5, 2013).

Accordingly, the Court has subject matter jurisdiction under CAFA. This Order therefore does not reach Skynet's diversity jurisdiction argument. (*See* Motion at 8.) Skynet also argues that Hackett lacks Article III standing to pursue injunctive relief, but Hackett does not request injunctive relief in the FAC. (*See* FAC at Prayer for Relief; *see also* Dkt. No. 34 at 6 n.1.)

***Statutes of Limitations.*** Hackett first bought Skynet's kratom products in 2019, but he didn't commence this action until 2025. Skynet contends that Hackett's CLRA and UCL claims are therefore barred by their respective three- and four-year statutes of limitations. *See* Cal. Civ. Code § 1783; Cal. Bus. & Prof. Code § 17208. But because Hackett's claims sound in fraud, the discovery rule automatically applies. *See* Cal. Civ. Proc. Code § 338(d); *E-Fab, Inc. v. Accts., Inc. Servs.*, 153 Cal. App. 4th 1308, 1318 (6th Dist. 2007). The discovery rule "delays [a claim's] accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). A plaintiff has inquiry notice "when [she] suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988). Hackett alleges that he did not know Skynet's products were addictive until he began experiencing withdrawal symptoms in November 2024 when he tried cutting back. (*See* FAC ¶¶

86-87.) Thus, he adequately alleges that he was not on inquiry notice until then of his claims arising from Skynet's failure to disclose its products' addictive characteristics. Accordingly, his claims are sufficiently alleged to have accrued in November 2024 and are thus not barred as a matter of law by the statutes of limitations.

Skynet counters that Hackett would have been on inquiry notice before he began experiencing withdrawal symptoms because, under his own allegations, "kratom's potential addictiveness was widely discussed online." (*See* Dkt. No. 35 at 4; *see also* FAC ¶¶ 33-35.) But Hackett alleges that he was not aware of kratom's addictive nature until November 2024, and it is not implausible that Hackett was unaware of the online discussion in the specialized forum described in the complaint. The online discussion referenced in the FAC also contains repeated accounts of users who describe themselves as being surprised to learn of kratom's addictive qualities. Moreover, Hackett alleges that the public at large is unaware of kratom's addictiveness, even though its addictiveness is known in the scientific community. (*See* FAC ¶¶ 39-42.) The excerpted documents in Skynet's request for judicial notice do not alter that conclusion. None of those documents is sufficient to require the Court to conclude as a matter of law that Hackett knew early on that kratom was addictive. (*See* Dkt. No. 16-2, Exs. A-D.) And though Skynet points to a "use responsibly" label on one of its products (*id.* Ex. E), Skynet does not offer evidence demonstrating when it began including that label on its products. Hackett also alleges that he never saw any such disclosures because the products were sold to him in plain paper bags at Skynet's store. (*See* FAC ¶¶ 61, 89-90.)

***Reliance.*** Fraudulent omission claims under the CLRA and UCL require reliance. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). Skynet argues that Hackett does not sufficiently allege that he relied on any omissions. Hackett may allege reliance by stating that, "had the omitted information been disclosed, [he] would have been aware of it and behaved differently." *See id.* (citation omitted). He does just that: "[Hackett] and Class Members purchased, paid a premium . . ., or otherwise paid more for the Products when they otherwise would not have absent [Skynet's] . . . omissions." (FAC ¶ 98; *see also id.* ¶ 115.)

Skynet insists that Hackett cannot adequately plead reliance without alleging "that, had the information been disclosed <u>where he looked</u>, he would have seen it and behaved differently." (*See* Dkt. No. 35 at 5.)  But Hackett alleges that he always received the products in brown paper bags and did not recall seeing any text or labeling on them about kratom's addictiveness.  (*See* FAC ¶¶ 61.)  That is enough, at the pleadings stage, to support a plausible inference that Hackett looked at the bags, and that if there had been a disclosure on the bags, that information would have caused him to act differently.  Moreover, Hackett alleges that he used the products over five years, which further supports a plausible inference that he would have looked at the products' plain brown packaging at some point during that time.

      ***Duty to Disclose.***  "Omissions may be the basis of claims under California consumer protections laws, but to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (citation, quotation marks, and emphasis omitted).  One of the scenarios in which a duty to disclose arises is when a product's "defect relates to an unreasonable safety hazard."  *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022).  Skynet argues that Hackett does not allege the existence of any defect in the products that constitutes a safety hazard.  But Hackett alleges that the products are addictive and similar to opioids and that stopping using them can cause severe withdrawal symptoms.  Those allegations are sufficient to plead that the products pose an unreasonable safety hazard.  *See, e.g.*, *L.S. v. Happy Hippo LLC*, No. 24-cv-02849-DAD, 2025 WL 1993383, at *8 (E.D. Cal. July 17, 2025).

      ***Unjust Enrichment.***  Skynet argues that the unjust enrichment claim must be dismissed because California law does not recognize a standalone claim of unjust enrichment.  Even so, "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution."  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation and quotation marks omitted).  "To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly

retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (citation omitted). Hackett alleges that he overpaid for the products in light of Skynet's omission of their addictive properties or that he would not have bought them at all had he known the truth. (*See* FAC ¶¶ 98, 115.) That is a sufficient allegation of an unjustly retained benefit at Hackett's expense.[2] *Cf. Astiana*, 783 F.3d at 762 (allegation that defendant "entic[ed]" plaintiffs to purchase products through false and misleading labeling sufficient to state quasi-contract claim seeking restitution).

*Federal Rule of Civil Procedure 9(b).* Skynet enumerates various purported factual deficiencies that, in its view, require dismissal for failure to satisfy Rule 9(b)'s heightened pleading requirements. None requires dismissal:

- **Failure to identify various details about affirmative assurances Hackett received about the products not being addictive, including who made those assurances, when they were made, and the product about which the assurances were made.** These facts are irrelevant to whether Hackett has stated a claim in light of his concession that he is not pursuing claims based on alleged misrepresentations.

- **Failure to confirm purchasing a specific product from Skynet for a specific amount of money.** Hackett alleges that he purchased the "Products" from Skynet, and he lists which products fall within the scope of that defined term. (*See* FAC ¶¶ 1 n.1, 86, 88.) The specific amount he paid is irrelevant to the question of whether Hackett sufficiently stated his claims.

- **Broadly defining the term "Products."** The term encompasses many specific products, and the definition is not vague.

- **Failure to allege paying Skynet for the products and how much he paid, including in 2019.** Hackett's allegations make it clear that he bought kratom products at Skynet's San

---

[2] Skynet waived its argument seeking dismissal of the unjust enrichment claim based on *Sonner* by raising it for the first time in its reply brief, so the Court does not address it. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

Francisco location in 2019. (*See id.* ¶ 86 (describing events "prior to his purchase" in the San Francisco store).) He further alleges that he paid between $100 and $150 on the products every time he went to the San Francisco location and that he did so 12 to 13 times a year. (*See id.* ¶ 88.)

***Premature Class Certification Arguments.*** The Court will not dismiss claims arising under the laws of states other than California (where Hackett resides and purchased the products) at this stage. The issue "is one more appropriately resolved at the class certification stage after discovery." *See Fukaya v. Daiso Cal. LLC*, 23-cv-00099-RFL, 2024 WL 4784420, at *2 (N.D. Cal. Nov. 12, 2024) (citations omitted). For the same reason, the Court will not prematurely address at this stage any potential extraterritorial application of California law or conflict of laws issues.

***Conclusion.*** For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. The implied warranty and CLRA Section 1770(a)(9) claims are **DISMISSED WITH PREJUDICE**. All other claims and the class allegations survive.

**IT IS SO ORDERED.**

Dated: October 24, 2025

RITA F. LIN
United States District Judge